UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
FILE NO. 5:10-CV-38-FL

| | |
|---|---|
| GLOBAL SYSTEMS TELECOM, INC. )<br>Intervenor Plaintiff, )<br> )<br>vs. )<br> )<br>DELTACOM, INC. and BUSINESS )<br>TELECOM, INC., )<br> )<br>Plaintiffs, )<br> )<br>vs. )<br> )<br>BUDGET TELECOM, INC., )<br> )<br>Defendant. )<br> ) | **PROTECTIVE ORDER BY CONSENT** |

This matter is before the Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Documents responsive to initial disclosures require the disclosure of confidential and proprietary business information, which certain parties object to producing without an order protecting the confidentiality of that information. The parties agree to the entry of this Protective Order to resolve these concerns. Furthermore, the parties agree that it may become necessary or appropriate to discover additional confidential information during the course of this action, and that it is in the interests of the Court and the parties that a Protective Order cover prospective disputes over confidential business information.

Based on the foregoing and upon a review of the proposed Protective Order, the Court believes that the entry of the Protective Order is fair, in the interest of justice, and should be entered.

NOW, THEREFORE, it is ORDERED as follows:

1. The parties agree to produce certain information and/or documents ("Confidential Information," as hereinafter defined) subject to the terms and conditions contained in this Agreement.

2. The parties further agree to maintain the confidentiality of any and all Confidential Information (as hereinafter defined) produced pursuant to this Agreement.

3. "Confidential Information" shall mean all documents and other information produced or otherwise disclosed by any party which contain or reflect confidential and proprietary business information, where such documents or items are so designated as provided by this Protective Order, ("Order"), including but not limited to: income statements, statements of cash flow, balance sheets, profit margins, commission payments and rates, and other financial information, information relating to customers, prospective customers, sub-agents and information related to marketing and marketing strategy.

4. This Order shall be applicable to Confidential Information revealed or produced during the course of this action, whether Confidential Information is revealed or produced in response to a discovery request, provided by parties in depositions, at trial, or in response to any order, or otherwise.

5. Confidential Information in documentary or written form shall be designated as confidential by marking each page of the document or writing as follows:

"CONFIDENTIAL"

The designation of "Confidential" shall be plainly legible on each page of each document. In lieu of marking the original of the documents, parties may mark the copies that are produced or exchanged or may provide by separate notice at the time of production a listing by Bates numbers of the documents which are being designated "Confidential." The designation of

"Confidential" on other types of material, such as written responses to discovery, may be made by including in the body of the document a statement that it is Confidential.

6. Except as otherwise provided in this Order, Confidential Information shall be used solely for purposes of this litigation, including any and all appeals, and for no other purpose.

7. Unless otherwise agreed between counsel for the parties, Confidential Information, including all copies thereof, shall be returned to the producing party or its counsel promptly upon request after final adjudication or other resolution of this action, including all appeals, but in no event more than 90 days after final adjudication or other resolution of this action, including all appeals. Counsel who received the Confidential Information and a request for its return shall certify within a reasonable period of time that they have returned all Confidential Information, including copies, to the party producing it.

8. No Confidential Information produced by any party in this litigation shall be revealed, disclosed, copied, recopied, reproduced or described, in whole or in part, to any person other than the following:

- (a) The attorneys for the respective parties in this action, their respective associates, clerks, legal assistants, and employees who are working under such attorneys' supervision in connection with this action;
- (b) Experts witnesses with whom the parties or their attorneys may consult and retain in connection with this action;
- (c) The Court and its personnel, including court reporters and their employees retained in connection with this action;
- (d) The trier of fact in this action;

(e) The parties to this action and their present or former officers and directors who are directly involved or connected with the matters at issue and solely to the extent necessary for prosecution or defense of this action; and

(f) Any person neither employed nor retained by a party or its counsel from whom testimony is taken in this action, who agrees to be bound by the terms of this Agreement, except that such person may not retain copies of any items to which this Agreement applies.

9. Before any Confidential Information may be disclosed to an expert, an individual whose deposition is taken, or any individual who is or might be a witness in this action, there shall be obtained a written undertaking from that expert or individual to abide by the terms of this Order and to submit to the jurisdiction of this court in connection therewith. The written undertaking shall be in the form attached as Exhibit A to this Order and shall be maintained by counsel for sixty (60) days after the conclusion of this proceeding, including all appeals. The exchange or production of the written undertakings will be either upon agreement by the parties or upon further order of this Court. Each person executing an undertaking agrees that any and all Confidential Information received shall be used solely for purposes of this litigation.

10. Before filing any information designated "CONFIDENTIAL" by another party with this Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the producing party about how it should be filed. If the producing party desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2(e), EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within seven (7) days of service, the producing party shall file with the Court a

4
Case 5:10-cv-00038-FL   Document 22   Filed 07/19/10   Page 4 of 8

Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party who initially filed the materials with the Court need not file a Motion to Seal or otherwise defend another party's desire that the materials remain sealed. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the producing party does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

Each time a party seeks to file under seal information that it designated as "CONFIDENTIAL" with this Court and wishes to restrict public access to the information, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

- (i) the exact document or item, or portions thereof, for which filing under seal is requested;
- (ii) how such request to seal overcomes the common law or the First Amendment presumption to access, if any;
- (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
- (iv) the reasons why alternative to sealing are inadequate; and
- (v) whether there is consent to the motion.

In addition to the motion and supporting memorandum, the filing party must set out such findings in a proposed order to seal.

11. Each person to whom disclosure of any Confidential Information is made, including those executing a written undertaking, shall be subject to the jurisdiction of this Court for the purpose of contempt proceedings in the event of any violation of this Order.

12. The parties may designate deposition testimony at the deposition by identifying the specific testimony that is considered Confidential Information on the record. The parties may also designate deposition testimony as Confidential Information by identifying specific lines and/or pages as Confidential Information in writing within thirty (30) days of receiving the deposition transcript. Regardless, all deposition testimony shall be treated as Confidential Information until expiration of the thirty (30) day period, at which time unless an identification has been made on the record at the deposition of such Confidential Information or identification of certain pages or lines of the deposition transcript as Confidential Information has been made within thirty (30) days of receiving the deposition transcript, the deposition transcript will not be considered Confidential Information.

13. Nothing herein shall prevent disclosure beyond the terms of this Order if the party designating the information as Confidential Information consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

14. In the event any Confidential Information is inadvertently disclosed, the disclosure shall not constitute a waiver of any privilege or objection relating to the Confidential Information.

15. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time of such designation, and a failure to provide any such challenge shall not preclude a subsequent challenge by such party to such designation. Any party may move the Court, upon notice, to remove or change the designation of Confidential Information with respect to any specified document or other information.

16. Nothing contained herein shall be construed to affect or restrict in any way the rights of any party with respect to any document or information, including any Confidential

Information, which that party either already had in its possession or otherwise obtains from some other source other than the production of that document or information in this litigation.

17. Unless otherwise ordered by the Court or agreed to by the parties, all documents produced and transcripts of depositions containing Confidential Information hereafter filed with the Court shall be filed Under Seal, pursuant to the Court's guidelines.

18. Parties may, in good faith and with cause, withhold from production any documents it judges to be protected by the attorney/client privilege or work-product doctrines. However, the production or revelation during discovery in this action of any documents, tangible things, or information protected from discovery by either the attorney/client privilege or the work-product doctrine shall not constitute a waiver of such privilege, and no party may urge such production or revelation as a waiver thereof. This paragraph shall not be construed to limit, bar or otherwise affect any party's right to contest the claim of privilege or immunity in Court.

19. It is acknowledged that the terms of the Order shall not be construed as a waiver of any other discovery objection properly within the scope of the Federal Rules of Civil Procedure.

20. Violation of this Protective Order by any recipient of Confidential Information will result in imposition of sanctions or remedies for civil or criminal contempt as deemed appropriate by the Court, in addition to any other remedies prescribed by law or equity.

This 19th day of July, 2010.

_____
U.S. DISTRICT COURT JUDGE

| | |
|---|---|
| GLOBAL SYSTEMS TELECOM, INC. )<br>            Intervenor Plaintiff, )<br>)<br>vs. )<br>)<br>DELTACOM, INC. and BUSINESS )<br>TELECOM, INC., )<br>)<br>            Plaintiffs, )<br>)<br>vs. )<br>)<br>BUDGET TELECOM, INC., )<br>)<br>            Defendant. )<br>) | **PROTECTIVE ORDER BY CONSENT** |

## ACKNOWLEDGEMENT OF RECEIPT OF CONFIDENTIAL INFORMATION

I hereby acknowledge that I am about to receive confidential material supplied in connection with the lawsuit styled *Global Systems Telecom, Inc. v. Deltacom, Inc. and Business Telecom, Inc. v. Budget Telecom, Inc.,* File No. 5:10-CV-38-FL. I certify my understanding that such materials are provided to me pursuant to the terms contained in the Protective Order dated _____, 2010, and that I have been given a copy of, have read, and understand and agree to be bound by the terms thereof. Moreover, I agree to be subject to the jurisdiction of this Court for the purpose of contempt proceedings in the event of any violation of this Order.

This ____ day of _____, _____.

                                                    _____

**EXHIBIT A**